IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID KEITH GOODWIN,<br><br>　　　　　Defendant. | CR F 06-0299 AWI<br><br>ORDER DIRECTING APPEARANCE OF JUROR CYNTHIA CANNON TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED |

On Tuesday, January 29, 2008, Cynthia Cannon ("Cannon") was selected for jury service in the above-captioned case. On Wednesday, January 30, 2008, juror Cannon did not appear for jury service, but left a message on the court's telephone voicemail system informing the court she was unable to continue with jury because of feeling ill, because of difficulty in obtaining care for her minor child, and because of extreme financial hardship.

A juror's obligation to appear is pursuant to the court's authority to carry out the policy of the United States, which requires that "all persons shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose." 28 U.S.C. § 1861. Section 1866(g) of Title 28 of the United States Code provides:

> Any person summoned for jury service who fails to appear as directed shall be ordered by the district court to appear forthwith and show cause for his failure to comply with the summons. Any person who fails to show good cause

for noncompliance with a summons may be fined not more than $100 or imprisoned not more than three days, or both.

The court's authority to impose sanctions pursuant to section 1866(g) extends both to the failure of a potential juror to appear during the selection process and to complete jury service if selected. 47 Am.Jur. 2d Jury § 98.  Further, a court may impose sanctions for the unexcused failure to complete jury service pursuant to the court's inherent contempt powers.  United States v. Hillyard, 52 F.Supp. 612, 612 (Dist. Wash. 1943).

Although the court shall direct any person who fails to comply with the court's summons to appear to show cause for non-compliance, excuse may be granted upon a showing of "undue hardship or extreme inconvenience ." 28 U.S.C. § 1866(c).  The decision to excuse a juror for reasons of hardship is at the exclusive discretion of the trial judge.  Untied States v. Echavarria-Olarte, 904 F.2d 1391, 1395 (9th Cir. 1990).

Pursuant to the foregoing, it is hereby ORDERED that juror Cannon shall appear at 1:30 p.m. on Monday, April 7, 2008, in Courtroom 2 to show cause why she should be excused from jury service in the above captioned matter.  In addition to testimony, the court will consider any documents, including but not limited to, pay stubs, physician's notes, or notes from employers that may tend to show hardship.  The court also requires that the key-card that was issued to juror Cannon on Tuesday, January 29, 2008, be surrendered to the court at the time of juror Cannon's court appearance.

The Clerk of the Court shall cause this order to be personally served on juror Cannon by a United States Marshal at the location provided by the court's Jury Administrator.

IT IS SO ORDERED.

Dated:   **March 24, 2008**              /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE